UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

FILED

SEP 24 2025

RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 5:25-cr-00167
                                      18 U.S.C. § 371
                                      21 U.S.C. § 331

MARK RADCLIFFE

# I N F O R M A T I O N

The Acting United States Attorney Charges:

## Background

1.      Pharmacist 1, a person known to the Acting United States Attorney, was a licensed pharmacist registered with the Drug Enforcement Administration ("DEA") to dispense controlled substances including oxycodone and hydrocodone. As such, he was entrusted with the duty to seek out and remedy violations of the Federal Food, Drug and Cosmetic Act ("FFDCA").

2.      HOPE Clinic was a pain management clinic with locations in Charleston, Kanawha County, and Beaver, Raleigh County, West Virginia. HOPE Clinic was set up as a medical practice designed to treat chronic pain patients. Physician A, a person known to the Acting United States Attorney, was employed by HOPE Clinic. Defendant MARK RADCLIFFE was the "practice manager" for HOPE Clinic

providing management, marketing, administrative and business services necessary for the day-to-day operation of HOPE Clinic.

## The Federal Food, Drug, and Cosmetic Act

3.    The United States Food and Drug Administration ("FDA") was responsible for protecting the public by enforcing the FFDCA. The FDA regulated prescription drugs including oxycodone and hydrocodone that were controlled substances prescribed for therapeutic use.

4.    A prescription drug was deemed misbranded if it was not dispensed in accordance with the FFDCA, specifically 21 U.S.C. § 353(b)(1)(B). This provision stated that a prescription drug shall be dispensed only (i)upon a written prescription of a practitioner licensed by law to administer such drug.

5.    In order for a drug to be legally distributed in the United States, it must comply with laws and regulations regarding manufacturing and labeling. Pursuant to 21 U.S.C. § 331(a), it is a violation of the FFDCA to introduce or deliver for introduction, into interstate commerce any misbranded drug. Further, 21 U.S.C. § 331(k) prohibits causing a drug to be misbranded while it is held for sale after shipment in interstate commerce.

## The Conspiracy to Introduce Misbranded Drugs
## in Interstate Commerce

6.    In the summer of 2014, in the Southern District of West Virginia, defendant MARK RADCLIFFE, Physician A, Pharmacist 1,

and others both known, and unknown, to the Acting United States Attorney did conspire to introduce and cause to be introduced into interstate commerce quantities of oxycodone and hydrocodone, both drugs within the meaning of the FFDCA, 21 U.S.C. § 321(p), which were misbranded under 21 U.S.C. § 353(b)(1), and held for sale after shipment in interstate commerce, a prohibited act under 21 U.S.C. § 331(k). In furtherance of the conspiracy, defendant MARK RADCLIFFE, Physician A, and Pharmacist 1 performed the following overt acts:

A.    In the summer of 2014, defendant MARK RADCLIFFE arranged a meeting with Pharmacist 1 and Physician A to knowingly facilitate the practice of prescribing compounded medications. As a result of the meeting, Physician A began to prescribe, and Pharmacist 1 began to dispense compounded prescriptions for controlled substances including oxycodone and hydrocodone in non-commercially available strengths;

B.    On July 29, 2014, in Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia, co-conspirator Physician A issued a prescription for 120 oxycodone 32 mg compounded capsules to a patient of HOPE Clinic;

C.    On July 31, 2014, co-conspirator Pharmacist 1 dispensed to a patient of HOPE Clinic 120 oxycodone 32 mg compounded capsules; and

D.    The compounding practice engaged in by co-conspirators Physician A and Pharmacist 1 as facilitated by defendant MARK RADCLIFFE resulted in drug products that were misbranded pursuant to 21 U.S.C. § 352(a)(2)(B).

All in violation of Title 18, United States Code, Section 371.

UNITED STATES OF AMERICA

LISA G. JOHNSTON
Acting United States Attorney

By: _____

BRIAN D. PARSONS
Assistant United States Attorney