**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**AT BECKLEY**

UNITED STATES OF AMERICA

v.                                                                CRIMINAL ACTION NO. 5:25-cr-000167

MARK T. RADCLIFFE

**<u>ORDER</u>**

On August 17, 2022, a 33-Count Fourth Superseding Indictment was returned against Defendant Mark T. Radcliffe in Criminal Action 5:18-cr-00026-2, charging him with six counts, including (1) conspiracy to distribute oxycodone (Count I), in violation of 21 U.S.C. § 841(a)(1), (2) maintaining a drug-involved premises (Counts II, III, IV), in violation of 21 U.S.C. § 856(a)(2), (3) conspiracy to use firearms in a drug trafficking crime (Count V), in violation of 18 U.S.C. § 924(o), and (4) money laundering conspiracy (Count XXXIII), in violation of 18 U.S.C. § 1956(h). [ECF 1084]. On October 28, 2025, in Criminal Action No. 5:25-cr-00167, pursuant to a written Plea Agreement, [ECF 7], Mr. Radcliffe pled guilty to a single count information charging him with conspiracy to misbrand in violation of 18 U.S.C. § 371. [ECF 4].

"Several factors are available that assist a district court's discretion in deciding whether to reject a plea agreement." *United States v. Walker*, 922 F.3d 239, 249 (4th Cir.), *cert. granted, judgment vacated on other grounds*, 589 U.S. 1042 (2019). The Court must consider the "specific agreement" and "the court should not rely on extraneous considerations or broad categorical determinations." *Id.* "A district court may always consider whether a plea agreement is 'too lenient,' in light of the defendant's criminal history or the relevant offenses." *Id*. at 250.

Pursuant to the United States Sentencing Guidelines, the Court's acceptance of a plea agreement is appropriate "if its provisions 'adequately reflect the seriousness of the actual

offense behavior and . . . accepting the agreement will not undermine the statutory purposes of sentencing.'" *Id.* (quoting U.S.S.G. § 6B1.2). "Thus, a court should carefully weigh whether the plea agreement adequately reflects the defendant's misconduct and serves the objectives of sentencing." *Id.* (citing *United States v. Smith*, 417 F.3d 483, 487 (5th Cir. 2005)). The Court "should also weigh whether the plea agreement is in the public interest." *Id.* (citing *In re Morgan*, 506 F.3d 705, 710 (9th Cir. 2007); *United States v. Godwin*, 272 F.3d 659, 679 (4th Cir. 2001)). "And the public interest assessment should be predicated on the circumstances of the case." *Id.*

As more fully stated from the bench on February 13, 2026, the presentence report and the parties' submissions to date do not adequately set forth those considerations required for the Court to make an informed decision as to either the acceptance or rejection of the plea agreement or the sentence to be imposed.

The Probation Office is **DIRECTED** to revise the presentence report in an effort to provide the information necessary to properly adjudicate the extant issues earlier mentioned. At a minimum, the Probation Office is **DIRECTED** to review the Offense Conduct section of each presentence report prepared heretofore as to any co-defendant in this multi-defendant case. Upon review, the Probation Office shall ascertain whether, and the extent to which, the Court has been made aware of any matters mentioned in the Offense Conduct section of any co-defendant reports as to Mr. Radcliffe that have not been included in the Offense Conduct section of Mr. Radcliffe's current presentence report. If material information respecting Mr. Radcliffe, or the HOPE Clinic, has been included in the Offense Conduct section of other presentence reports respecting co-defendants, but omitted from Mr. Radcliffe's current presentence report, the Court desires the addition of that omitted information to Mr. Radcliffe's revised presentence report. The revised draft presentence report may then be transmitted in the usual course to counsel for purposes of

lodging any objections. Simultaneously with the transmission to counsel, the probation officer is directed to transmit the draft presentence report to the Court, with (1) any red-lined additions, and (2) an explanation why any added Offense Conduct information was earlier omitted. Following any objections from counsel respecting the draft presentence report, the probation officer is directed to transmit the revised, final presentence report to the Court.

The Clerk is directed to transmit a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the Office of the United States Marshal.

ENTER:        February 18, 2026

Frank W. Volk
Chief United States District Judge

3